UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN HARRIS, :

    Petitioner : CIVIL ACTION NO. 3:21-0919

    v : (JUDGE MANNION)

WARDEN R. THOMPSON, :

    Respondent :

## MEMORANDUM

### I. Background

On May 20, 2021, Petitioner, Kevin Harris, a former inmate confined at the Allenwood Federal Correctional Camp, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Harris seeks release from custody, requesting that "the Court should order the Petitioner discharged from custody, order respondent to consider Petitioner for up to 12 months of RRC placement under the U.S. Laws of the First Step Act, Second Chance Act and CARES Act." Id.  A review of BOP's Inmate Locator site[1] reveals that Petitioner has been released to the New

---

[1] https://www.bop.gov/inmateloc/

York Residential Reentry Management Center.[2] Thus, for the reasons set forth below, the instant petition will be dismissed as moot.

II. **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases

---

[2] "The BOP contracts with residential reentry centers (RRCs), also known as halfway houses, to provide assistance to inmates who are nearing release. RRCs provide a safe, structured, supervised environment, as well as employment counseling, job placement, financial management assistance, and other programs and services. RRCs help inmates gradually rebuild their ties to the community and facilitate supervising ex-offenders' activities during this readjustment phase."
https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp

2

is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

    In the instant case, because Harris has been released from custody, and there is no further relief available to him, his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). See also Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

3

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 15, 2021**
21-0919-01

4